# Commonwealth of Pennsylvania, ex rel. John B. Farries, *versus* John D. Evans.

1. The tenor of existing legislation in regard to filling vacancies in public offices, state, county and municipal, points to the intention of filling them by a popular vote at the earliest opportunity after the vacancy occurs; and where, in a statutory provision the time for filling a vacancy is doubtful, it should be construed in harmony with such general intent, rather than in derogation of the rights of the people.

2. Where a vacancy occurs in the Board of School Controllers in the city of Scranton, which is a city of the third class divided into more than twelve wards, such vacancy is to be filled by the qualified votes of the proper ward at the next municipal election.

3. An incumbent appointed by the Board of Control to fill a vacancy occurring in the board is not entitled to hold his seat until the next biennial election provided by law for the regular election of school controllers, but only until the election of a successor at the next spring election after the happening of said vacancy.

February 21st 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Lackawanna county :* Of January Term 1883, No. 310.

This was an application by the Commonwealth of Pennsylvania, ex relatione John B. Farries, for a writ of quo. warranto, to be directed to John D. Evans, to show by what authority he exercises the office of school controller in the board of control of the Scranton School District, for the first ward of the city

[Commonwealth *v.* Evans.]

of Scranton. A rule to show cause was granted, to which the defendant filed an answer.

The facts as shown by the suggestion and answer, were as follows :—

The city of Scranton became, in 1877, a city of the third class, under the act of May 23d 1874, and is divided into twenty-one wards. The first election for members of the board of control, under the provisions of said Act, was held on the third Tuesday of February 1878, at which election one Alexander Simpson was elected to represent the first ward of the said city, in the board of school control for the period of four years; and after having qualified himself, entered upon the discharge of his duties. In the fall of 1879 the seat of the said Simpson was declared vacant by the board of control, and thereupon the said board of control proceeded to fill said vacancy, and elected one J. B. Fish as a member of their body.

At the regular election in February 1880, the qualified voters of the said first ward of the city of Scranton elected one E. D. Jones to represent the said district in the said board of control, who thereupon entered upon the duties of his office and continued to act as school controller of the said first ward until the summer of 1880, when the said Jones having removed from said ward, his seat in the said board was declared vacant, and said vacancy was filled by the appointment and election by the said Board of School Controllers of John D. Evans, the defendant in this case, who thereupon entered upon the discharge of his duties.

At the spring election in 1881, John B. Farries, the relator, having received the majority of votes cast for School Controller in the said first ward of the city, received a certificate of election, and presented the same to the Board of School Controllers of said city. Having been refused his seat, he instituted the present proceeding for a quo warranto.

The court, HAND, J., after argument on the suggestion and answer (referring to an opinion filed in a similar case of Commonwealth ex rel. John E. Welch, C. P. of Lackawanna county, June Term 1881, No. 24), discharged the rule, and denied the writ of quo warranto. The relator took this writ of error, assigning for error the refusal of the court to award the writ.

*I. H. Burns* (*H. M. Edwards* with him), for the plaintiff in error.

*John P. Albro*, for the defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, April 2d 1883.

The city of Scranton is a city of the third class, and is divided into twenty-one wards. Under the 41st section of the Act of 23d May 1874, P. L. 254, each ward is entitled to elect one school controller: "Those elected from even numbered wards at said first election (1878) to serve for two years, and those from odd numbered wards for four years; thereafter every two years, alternately, they shall elect one each to serve for four years."

It will thus be seen that the term of a school controller is four years, and that while the voter votes but once in four years for that office, yet an election is held biennially by reason of the alternation of odd and even numbered wards.

In regard to the filling of vacancies, said Act provides: "And all vacancies which may happen in the said board as hereby constituted, shall be filled in the manner as is now provided by law for vacancies in school boards."

In order to ascertain how such vacancies in school boards were filled in 1874, we must turn to the seventh section of the Act May 8th 1854, P. L. 618, which provides: "That each board of directors shall have power to fill any vacancy which may occur therein by death, resignation, removal from the district or otherwise, until the next annual election for directors, when such vacancy shall be filled by electing a person from the district from which the vacancy occurs to supply the same."

The office of school controller of the first ward of Scranton was declared vacant by the board in the summer of 1880, and John D. Evans, the defendant, was appointed and elected by said board to fill the said vacancy. At the spring election in 1881, John B. Farries, the relator, having received the majority of votes cast for school controller in the first ward, and a certificate of election, presented said certificate to the Board of School Controllers of the city. Having been refused his seat, he filed a suggestion for a writ of quo warranto, and a rule was granted upon said John D. Evans to show cause why said writ should not issue. The court below discharged the rule, which is assigned for error.

The learned judge held that vacancies must be filled at the next biennial election; that the Act of 1854 refers to the manner of filling vacancies, but throws no light upon the question when an election to fill a vacancy under the Act of 1874 shall take place, and attention was called to the fact that the Act of 1854 requires vacancies to be filled at "the next annual election for directors," while there are no such annual elections under the Act of 1874. On the other hand, it was contended that the words "for directors," in the Act of 1854, are descriptive of the spring election, as distinguished from the November election, and have no other significance. In view of the fact

[Cowperthwaite *v.* First Nat. Bank of Carbondale.]

that in 1854 school directors were elected annually, the legal effect of that Act would have been the same had it provided for filling vacancies " at the next spring election."

If the defendant was entitled to hold over until the next election for school controller in his ward, he would hold for the entire term, for the reason that there is no biennial election in his ward, nor in any other ward in the city of Scranton. The first ward elects a school controller for four years, and it holds no other election for that office until the expiration of the term of the incumbent, unless there should be a vacancy, in which case we are of opinion it must be filled at the next municipal election. This we regard as the fair construction of the Acts of 1874 and 1854, and is in harmony with our political system. There is a mass of legislation in regard to filling vacancies in public offices, state, county and municipal, and it all points in the direction of filling them by a popular vote at the earliest opportunity. The view taken by the court below is in derogation of the rights of the people, and if the question were doubtful this would not be without weight.

We are of opinion that the writ of quo warranto should have been allowed, and the order refusing it is reversed.